**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.W., by and through K.K.W. Guardian Ad Litem K.K.W. and W.W.; et al., <br><br>           Plaintiffs-counter-defendants - Appellants, <br><br>   v. <br><br> GOVERNING BOARD OF EAST WHITTIER CITY SCHOOL DISTRICT and EAST WHITTIER CITY SCHOOL DISTRICT, <br><br>           Defendants-counter-claimants - Appellees. | No. 10-56356 <br><br> D.C. No. 2:09-cv-02525-ODW-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

J.W. appeals the district court's affirmance of a California Administrative Law Judge ("ALJ") decision regarding his complaint under the Individuals with Disabilities Education Act ("IDEA," or "the Act"), 20 U.S.C. § 1400, *et seq.* We have jurisdiction under 28 U.S.C. 1291 and we affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

The district court did not abuse its discretion in affirming the ALJ's witness credibility and weight determinations. As the trier of fact, the ALJ is in the best position to assess witness credibility and the appropriate weight of testimony. Therefore, "a finder of fact's determination of credibility receives deference on appeal, because access to live testimony is important to the credibility finding." *Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1127 (9th Cir. 2003), *superseded on other grounds by* 20 U.S.C. § 1414(d)(1)(B). "[C]redibility-based findings [of the ALJ] deserve deference unless non-testimonial, extrinsic evidence in the record would justify a contrary conclusion or unless the record read in its entirety would compel a contrary conclusion." *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 889 (9th Cir. 2001) (quoting and then adopting the Third Circuit's reasoning).

The record does not compel the conclusion that the ALJ erred. In fact, the ALJ analyzed credibility and weighed the evidence in a lengthy and thoughtful decision. There is sufficient evidence in the record to support the ALJ's conclusions. Given the deferential standard of review, the district court did not err in affirming the ALJ.

## II

The district court properly concluded that the school district did not commit a procedural IDEA violation that deprived J.W. of a Free and Appropriate Public Education ("FAFE"). A procedural violation constitutes a denial of FAPE if the inadequacy (1) resulted in the student losing educational opportunity; (2) significantly impeded the parents' opportunity to participate in the decision making process; or (3) caused a deprivation of educational benefits. 20 U.S.C. § 1415(f)(3)(E)(ii); *W.G. v. Bd. of Trustees*, 960 F.2d 1479, 1383-84 (9th Cir. 1992).

J.W. claims that he was denied a FAPE when the District's Director of Special Education conversed with a third-party speech provider after J.W.'s individualized education program ("IEP") team meeting. The District had to make a written IEP offer after J.W.'s parents and the District staff disagreed at the IEP meeting. In preparing this offer, the Director sought clarification from the speech provider regarding one speech goal on which there had been discussion, but no

3

agreement, at the meeting. The ALJ found that "the District's modification of [the goal] arose directly out of the IEP meeting, and another IEP meeting was not required." She also found that the goal alteration was "minor." Thus, the ALJ found that the conversation at issue did not "significantly deprive [J.W.'s] [p]arents of meaningful participation in the IEP process . . . ." The record supports this conclusion, and the district court did not err in declining to grant relief.

III

The district did not err in concluding that the school district had complied with the substantive requirements of the IDEA. The record supports the conclusion that the school district provided an IEP that is "developed through the Act's procedures [and] reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982); *see also* 20 U.S.C. §§ 1401(9), 1401(14), 1414(d); *Seattle School District, No.1 v. B.S.*, 82 F.3d 1493, 1498-99 (9th Cir. 1996)).

The IDEA does not require that a district "maximize the potential of each handicapped child commensurate with the opportunity provided nonhandicapped children." *Rowley*, 458 U.S. at 200. Rather, the Act requires that districts offer "a basic floor of opportunity, [that is,] access to specialized instruction and related services which are individually designed to provide educational benefit to the

4

handicapped child." *Id.* at 201. Additionally, the IDEA requires that school districts offer placements in the "least restrictive environment" available to meet a student's unique needs. *See* 20 U.S.C. § 1412(a)(5)(A); *see also Sacramento City Unified School Dist. v. Rachel H.*, 14 F.3d 1398, 1404 (9th Cir. 1994) (adopting test to determine appropriate level of "mainstreaming"). The district court did not err in determining that the IEP satisfied these requirements. J.W.'s IEP contained an adequate statement of his present levels of academic achievement and functional performance, articulated measurable goals, and was reasonably calculated to provide an educational benefit in the least restrictive environment.

**AFFIRMED.**